IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES DOUGLAS DAVIS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:04CV238 TC |

This matter is before the court on James Davis' Application for Certificate of Appealability with respect to the court's May 2, 2005 denial of Mr. Davis' petition under 28 U.S.C. § 2255.

After a jury trial, Mr. Davis was fond guilty of violating 18 U.S.C. § 2422(b), Coercion and Enticement of a Minor for Illegal Sexual Activity, which prohibits the use of any facility of interstate commerce to knowingly persuade or induce a minor to engage in illegal sexual activity. Mr. Davis was sentenced to 57 months in prison followed by 36 months of supervised release. Mr. Davis filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Mr. Davis contended that: (1) he was denied effective assistance of counsel when his counsel failed to file an appeal; (2) the statute of conviction is unconstitutional; and (3) his conduct did not violate the statute. The court denied Mr. Davis' petition on May 2, 2005.

Under 28 U.S. § 2253(c)(1)(A) a petitioner must obtain a certificate of appealability before seeking appellate review of the district court's denial of habeas relief. In order for the court to grant a certificate of appealability, Mr. Davis must make a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate: "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).

In his Application for Certificate Appealability, Mr. Davis reiterates the arguments raised in his petition under 28 U.S.C. § 2255. Mr. Davis again challenges the constitutionality and application of 18 U.S.C. § 2422(b) and that he did not receive effective assistance of counsel.

Mr. Davis argues that 18 U.S.C. § 2422(b) in unconstitutional on First Amendment grounds and that his conduct was not criminal under the statute. In denying Mr. Davis' petition the court found that Mr. Davis' reliance on Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), was misplaced as it applied to the constitutionality of 18 U.S.C. § 2422(b). In Free Speech Coalition, the court addressed "virtual" child pornography, not the enticement of minors. The court noted that it does not matter that the person with whom Mr. Davis was communicating was not a minor. See United States v. Root, 296 F.3d 1222, 1227-28 (11th Cir. 2002). The court also found that 18 U.S.C. § 2422(b) is narrowly tailored and targets only those who "knowingly" attempt to persuade minors to engage in sexual activity. Mr. Davis has not pointed to authority suggesting that reasonable jurists could reach a different conclusion in the evaluation of Mr. Davis' petition under 28 U.S.C. § 2255.

Mr. Davis also argues that he did not receive effective assistance of counsel based on counsel's failure to file a notice of appeal. When a petitioner claims his counsel was ineffective for failing to perfect an appeal, prejudice is presumed and the petitioner must only establish that counsel's performance fell below an objective standard of reasonableness. Romero v. Tansy, 46

F.3d 1024, 1030 (10th Cir. 1995).  The court, after conducting an evidentiary hearing on this issue, concluded that Mr. Davis' trial counsel fulfilled her obligation to inform Mr. Davis of his right to appeal and that Mr. Davis simply did not act on that right.  Therefore, the court concluded that counsel's performance did not fall below an objective standard of reasonableness.  Mr. Davis has not pointed to facts or law indicating that a reasonable jurist could have reached a different conclusion.

      Accordingly, Mr. Davis' Application for Certificate of Appealability is DENIED.

      DATED this 5th day of July, 2005.

                                      BY THE COURT:

                                    TENA CAMPBELL
                                    United States District Judge